**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Orlando RETES-LOPEZ,
Defendant-Appellant.**

No. 16-10275

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2017 *

Filed March 14, 2017

William Ramsey Reed, Assistant U.S. Attorney, Elizabeth Olson White, Esquire, Assistant U.S. Attorney, USRE—Office of the US Attorney-Reno, Reno, NV, for Plaintiff-Appellee

Monique Kirtley, Assistant Federal Public Defender, Erica Choi, Assistant Federal Public Defender, Amy B. Cleary, Assistant Federal Public Defender, Federal Public Defender's Office Las Vegas, Las Vegas, NV, for Defendant-Appellant

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

### MEMORANDUM **

Orlando Retes-Lopez appeals from the district court's judgment and challenges the 21-month custodial sentence and three-year term of supervised release imposed following his guilty-plea conviction for being a deported alien found unlawfully in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Retes-Lopez contends that the district court procedurally erred by failing to explain why it imposed a term of supervised release. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The record reflects that the district court considered Retes-Lopez's argument against the term of supervised release. Moreover, the district court's reasons for imposing the term of supervised release are apparent from the record. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("[A]dequate explanation in some cases may also be inferred from the PSR or the record as a whole.").

Retes-Lopez also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Retes-Lopez's criminal history and the need for deterrence. *See Gall*, 552 U.S. at 51, 128 S.Ct. 586. Moreover, the district court did not abuse its discretion in imposing the term of supervised release as an added measure of deterrence and protection. *See* U.S.S.G. § 5D1.1 cmt. n.5; *United States v. Valdavinos-Torres*, 704 F.3d 679, 692-93 (9th Cir. 2012).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

